RICHARD B. HUSTON, ADMINISTRATOR, ETC., v. JOSIAH
A. WALDRON.

*Vendor's lien—Evidence—Consideration.*

Complainant filed a bill to establish and foreclose a vendor's lien upon land conveyed by his mother to her daughter's husband, with whom she thereafter lived until her death; which lien is held not to have been established, the evidence showing no intention on her part to retain it, and the amount paid her, and her after-support, constituting a full consideration for the deed.

Appeal from Berrien. (O'Hara, J.) Argued February 16 and 17, 1893. Decided June 16, 1893.

96 MICH.—4.

Bill to establish and foreclose a vendor's lien. Decree dismissing bill affirmed. The facts are stated in the opinion.

*Edward Bacon,* for complainant.

*George S. Clapp,* for defendant.

GRANT, · J. Complainant, as administrator, filed this bill in equity to foreclose a vendor's lien upon certain real estate.

The bill alleges that Mary Witter, on March 19, 1866, was possessed in fee-simple of the real estate described; that defendant was her son-in-law, having married her daughter, by whom he had several children then living; that Mrs. Witter bargained and sold on that date to the defendant, for the consideration of at least $1,700, said land; that the deed therefor was duly executed and recorded; that to secure the payment of part of the purchase price defendant executed and delivered to Mrs. Witter two promissory notes for $300 each, dated April 16, 1866, with interest; that prior to the execution of said deed Mrs. Witter had long lived upon said land, and had had the entire control thereof; that about the time of such conveyance said defendant moved into the house where Mrs. Witter lived, and continued to live with her there until her death; that Mrs. Witter died intestate October 11, 1884; that nothing has been paid upon said notes; that said defendant, on March 19, 1869, conveyed to one Swem 20 acres of said land, the title and possession to the rest of the land being in him. The bill claims a lien for said purchase money, and prays for a sale of said real estate.

The answer denies that Mrs. Witter, at the time of the conveyance, had a good and indefeasible title in fee-simple to the land; admits the conveyance to defendant; avers that her husband, John Witter, before he died, made a

request to defendant that his wife should have a home
with him while she lived; that shortly after her husband's
death she removed to his house, and lived there till about
March 19, 1866; that she then claimed an interest in the
land described in the bill, desired him to buy it, and
move into the house situated thereon, and agreed with him
that if he would move there she would deed him her
interest in the land, mainly, if not entirely, in considera-
tion of her support by him while she lived; that as, how-
ever, it might occur that differences might arise, and she
and he and his family could not live together agreeably,
and she might desire to go elsewhere to live and be sup-
ported, they agreed that, if such contingency did arise, she
should be secured by the two notes, but that otherwise, if
she lived with him, and had her support while she lived,
that was to be pay in full for all the interest conveyed by
her to him, and for that reason said notes were made;
that, aside from this, she was paid for her interest in said
land when the deed was executed; that she lived with him
from that time until her death, and was supported by him;
that he built a new house on the land, in which she
selected a room, which she thereafter occupied; that his
wife died in 1877; that after her death he hired help to
keep house for him, in order that he might more com-
pletely and satisfactorily keep and perform his agreement
with her; that the heirs of her first husband claimed in-
terests in the land; that her son William Huston, one of
such heirs, claimed an interest, and defendant paid him
$1,000, for which he received a deed bearing date the same
day as the one from Mrs. Witter.

Decree was entered in the court below dismissing the
bill.

At the time of the conveyance by Mrs. Witter to defend-
ant she had three children living,—Richard B. Huston,
the complainant, William Huston, and the wife of the

defendant. It was natural that she should choose to live with her daughter. She was possessed of some property, and loaned considerable in small sums, especially to her two sons and to Mr. Waldron, for which she took notes. Among her effects at the time of her death were 13 promissory notes. She had been married three times, and had had considerable experience in business affairs. While she may have claimed the entire title to the land conveyed,— about 90 acres,—she had not title of record to the entire land. Probably the defendant. now has title by adverse possession. But it is immaterial whether she had a good title. No question is raised upon the validity of the deed, or her competency to make it, or that she was in any manner deceived. It is the fair presumption that she desired to secure a home with her daughter and her family during the remainder of her life. The evidence shows that her confidence in the defendant was not misplaced. A home was furnished her, and she was kindly and comfortably taken care of until her death, at the age of 81 years. Complainant claims that she did work enough in the defendant's family to compensate him fully for her support. It is undoubtedly true that she did more or less work in accordance with her age and strength. It would be indeed strange if she did not. But this has no tendency to show that the arrangement was not made. During her lifetime she asked for no payment either of principal or interest. She undoubtedly knew when her notes would become barred by the statute of limitations. Her conduct is very strong evidence that she was living there under some agreement. We think the evidence by a fair preponderance shows that these notes were given for the purpose stated in the answer.

This bill is not filed in the interest of creditors, but in the interest of complainant and his brother, to whom she had made advances. She left a will, which was drawn

by her brother, and left with him. After her death it was handed to William Huston, and was speedily lost while in his possession. Neither complainant nor his brother contributed anything towards the support of their mother. They have no equities, and, if they are entitled to a decree, it must be because they have clearly established the vendor's lien. But in this we think they have failed. The evidence shows no intention on her part of retaining a lien upon the land. At the time of the purchase defendant paid Mrs. Witter $1,000 upon the purchase. This amount, and the care of Mrs. Witter, constitute a full consideration for the deed.

Decree affirmed, with costs.

HOOKER, C. J., McGRATH and LONG, JJ., concurred. MONTGOMERY, J., did not sit.